In re Earnest CRANE, Jr., Debtor.

UNITED STATES of America, Plaintiff,

v.

Earnest CRANE, Jr., Defendant.

Bankruptcy No. 79–03951.

Adv. No. 80–0027.

United States Bankruptcy Court,
N. D. Alabama.

Sept. 12, 1980.

George Batcheler, Asst. U. S. Atty., Birmingham, Ala., for plaintiff.

Leon Garmon, Gadsden, Ala., for debtor.

STATEMENT OF THE CASE

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case is pending before the Court under Chapter 7, Title 11, United States Code, having been commenced by a voluntary petition filed by said debtor, under said Chapter 7, on November 2, 1979. January 11, 1980, was fixed by the Court as the last day for the filing of objections to the discharge of the debtor, and on that date the above-styled adversary proceeding was commenced by a complaint filed by the United States of America against said debtor, seeking to have the Court to deny to the debtor a discharge of the debtor's debts, under Section 727 of said Title 11.

While the complaint is somewhat ambiguous and while it appears to ask the Court to deny a discharge to the debtor *and* to declare that the debt owed by the debtor to the plaintiff is nondischargeable in this type of case, the matter was submitted to the Court by the attorney for the plaintiff and the attorney for the defendant at a continued pre-trial conference with the Court on August 6, 1980 for a decision solely upon the question of whether a discharge should be granted to the debtor in the light of the provisions of Section 727(a)(2)(A) of said Title 11 and in light of the facts which were not in dispute and which were to be stipulated by the parties. In this connection, the defendant agreed, through his attorney, that he was indebted to the plaintiff for the sum of $4,789.92, plus interest. It appears

that the plaintiff intended for the Court to enter a judgment in its favor for these sums, in the event of a decision in favor of the plaintiff upon the question of granting a discharge to the debtor. Subsequently, an agreed statement of facts was filed by the plaintiff and the defendant, and they also filed a "STIPULATION OF QUESTIONS OF LAW", which further shows the intention of the plaintiff to have the Court dispose of this matter upon the question of whether the debtor should be granted a discharge.

In furtherance of the submission of this proceeding to the Court for a disposition by a determination of whether the debtor should be granted a discharge, based upon Section 727(a)(2)(A) and the undisputed facts, each party has filed a motion for a summary judgment. The submission of the proceeding for a decision, at the continued pre-trial conference on August 6, 1980, obviates any need for a hearing before the Court upon the motions, and the Court will proceed to dispose of the proceeding, accordingly.

## FINDINGS OF FACT

From the undisputed matters appearing of record in the official file for this case and from the agreed statement of facts of the parties, the bankruptcy judge finds the facts in this proceeding to be as hereinabove stated and as follows:

1. Within one year before the date of the filing of the debtor's petition under Chapter 7, Title 11, United States Code, the debtor was the owner of various items of farm machinery, in which security interests were held by Farmers Home Administration, an agency of the plaintiff, and by Cedar Bluff Bank, to secure debts owed by the debtor to these creditors, respectively;

2. The security interests of the Cedar Bluff Bank had not been perfected in ac-

cordance with the requirements of applicable law;

3. The debtor contacted the bank or was contacted by it in regard to the debt owed to the bank and was told by the bank to proceed to sell the farm machinery and to pay over to it, upon this debt, the proceeds of the sale of the farm machinery;

4. Accordingly, the debtor had the farm machinery sold at an auction and paid over the bank the proceeds of the sale, being $3,476.50; and

5. At the time of the auction, the debtor knew that he had creditors other than the bank, and the sale of the farm equipment was not authorized by the Farmers Home Administration.

From the agreed statement of facts, the bankruptcy judge does not find an intent on the part of the debtor to hinder, delay, or defraud the plaintiff by the sale of the debtor's farm machinery and the payment of the proceeds of the sale to the Cedar Bluff Bank upon his indebtedness to this creditor.

## CONCLUSIONS BY THE COURT

Section 727(a)(2)(A) of Title 11, United States Code, states, in effect, that the Court shall grant the debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor, has transferred, removed, etc., his property, within one year before the date of the filing of the petition in bankruptcy. In order to succeed in its effort to prevent the granting of a discharge to this debtor, the plaintiff must have carried the burden of proving the facts essential to its objection.[1] This established rule of practice is made applicable to the present case by the Bankruptcy Reform Act of 1978.[2] Present Section 727, in regard to the matters involved in this proceeding, is not substantially different from its counterpart under the prior Act.[3] Both

1. 1973 Bankruptcy Rule 407.

2. Pub.L.No.95–598, Tit. IV, § 405(d). See H.R. Rep.No.95–595, 95th Cong., 1st Sess. 308 (1977), U.S.Code Cong. & Admin.News 1978, 5787.

3. See Bankruptcy Act § 14(c)(4); formerly, 11 U.S.C. § 32.

include a requirement that the transfer of the debtor's property be done with the intent to hinder, delay, or defraud a creditor or creditors.

Such intent, of course, may be implied as a necessary consequence of the debtor's act. The evidence in this proceeding is insufficient to show either an expressed or an implied intent to hinder, delay, or defraud the Farmers Home Administration. The facts show that the debtor's sale of the collateral for both debts was sold at the direction of the Cedar Bluff Bank and that proceeds of the sale, applied toward payment of the debt owed to this creditor which was secured by the collateral, notwithstanding that the security interest was not perfected against certain third parties. To interpret these bare facts to include an intent to hinder, delay, or defraud the Farmers Home Administration, which also had a security interest in the collateral, would go beyond inference and amount to supplementation.

The plaintiff's objection to the granting of a discharge to the debtor is not sustained by the evidence, the complaint is due to be denied, and it and this adversary proceeding will be dismissed out of court.

## JUDGMENT

It is ORDERED by the Court that Earnest Crane, Jr. is adjudged to be entitled to a discharge under Section 727, Title 11, United States Code, nothwithstanding the objection of the United States of America, acting through its agency, the Farmers Home Administration, that an order of discharge be entered, that the plaintiff's complaint is denied, that the plaintiff's complaint and this adversary proceeding are dismissed out of court, and that a copy of the foregoing findings and conclusions and this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the plaintiff, its attorney, the defendant, the defendant's attorney, the trustee in bankruptcy, and the United States trustee.