In re Thomas Joseph MARTINEZ, SS # 585–14–5583, a/k/a T. J. Martinez, and Estella Louise Martinez, Debtors.

AETNA FINANCE COMPANY, Plaintiff,

v.

Thomas Joseph MARTINEZ, a/k/a T. J. Martinez, and Estella Louise Martinez, Defendants.

Bankruptcy No. 81–01333 M R.
Adv. No. 82–0157.

United States Bankruptcy Court,
D. New Mexico.

Aug. 12, 1982.

Morris Stagner, Clovis, N. M., for plaintiff.

Stephen Doerr, Clovis, N. M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the Complaint to Determine Dischargeability filed by creditor Aetna Finance Company (Aetna). Aetna alleges that in failing to list Barclays American Financial as a creditor on their bankruptcy petition and in failing to list a debt of $186.00 owed to US Life Title, the debtors made a false oath which, under 11 U.S.C. § 727, bars their discharge.

The facts are these: When the debtors filed their bankruptcy petition, they did not list Barclays American Finance of Clovis, New Mexico, as a creditor. Debtors testified that they did not list Barclays because they were afraid that the vehicle in which Barclays held a security interest would be repossessed. However, the vehicle itself was listed as exempt property and the debtors continued making payments to Barclays.

The debtors also failed to list a debt of $186.00 owed to US Life Title, and testified that they simply forgot this debt as it was so small in relation to the other amounts owed by them. There was no evidence offered to dispute this explanation.

The Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, requires that a debtor must act with actual intent to defraud before a discharge can be denied. 11 U.S.C. § 727(a)(2)(A); 11 U.S.C. § 727(a)(4); *Pittsburgh Nat'l Bank v. Dee (In re Dee)*, 6 B.C.D. 1169, 6 B.R. 784 (Bkrtcy.W.D.Pa. 1980); *Coccia v. Fischer (In re Fischer)*, 2 C.B.C.2d 305, 6 B.C.D. 465, 4 B.R. 517 (Bkrtcy.S.D.Fla.1980); *United States v. Crane (In re Crane)*, 7 B.C.D. 36, 13 B.R. 445 (Bkrtcy.N.D.Ala.1980). The burden of showing that intent is on the plaintiff, in this case, Aetna. *Pittsburgh Nat'l Bank v.*

*Dee, supra; Coccia v. Fischer, supra; United States v. Crane, supra.*

■ Turning first to the failure of the debtors to list their debt to US Life Title, Aetna offered no evidence of intent to defraud creditors and did not dispute, or even question, the debtors' testimony that the obligation was simply lost in the shuffle. Aetna having failed to meet its burden of proof, we find that discharge of the debtors cannot be denied based on their failure to list the obligation to US Life Title in their bankruptcy petition.

■ The debtors' failure to list Barclays as a creditor in their bankruptcy petition is a more difficult question. We wish to make it clear that a debtor who seeks the protection of the bankruptcy laws is also required to take seriously the consequences and obligations of those laws. Debtors are not allowed to pick and choose the provisions which they find acceptable. Even if the debtors had been correct in their belief that listing Barclays in their petition would have resulted in repossession of the car, they were bound by the Bankruptcy Code to list Barclays as a creditor. We direct the debtors to be certain, in all further proceedings in this bankruptcy, to conduct themselves with scrupulous honesty. We would also remind the debtors' attorney that it is his duty as an officer of this court to take all possible steps to assure himself that the information listed in his clients' petition is correct. Failure to inquire as to amounts owed on this vehicle and to explain the requirements of full disclosure required by the Code is shoddy practice, at best.

■ To bar discharge of these debtors, we must find that their failure to list Barclays was done with an intent to defraud creditors. Since the vehicle was listed in the petition as exempt property, we find little evidence of the debtors' concealing property in an attempt to defraud creditors. Aetna offered no evidence that the vehicle is worth more than the value of Barclays' security interest in it. As to Barclays, it would be most illogical to find that the debtors were intending to defraud them when the debtors have remained current on their payments and apparently always intended to fully pay back that institution.

Consequently, although we emphasize our displeasure with the debtors' attempt to avoid what they felt was an unsatisfactory result of the bankruptcy laws, we cannot find that there was ever any intent on the part of the debtors to defraud creditors. We find that Aetna's prayer for a finding of nondischargeability must be denied.