In re Charles Thomas BOBROFF, a/k/a
Charles T. Bobroff, a/k/a Donney Bo-
broff and Zachary Fae, Debtor.

CONTINENTAL BANK, Plaintiff,

v.

Charles T. BOBROFF, Defendant.

Bankruptcy No. 81–01525G.
Adv. No. 84–1339G.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 27, 1986.

Andrew D. Bershad, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff, Continental Bank.

David L. Segal, Philadelphia, Pa., for the debtor/defendant, Charles T. Bobroff.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue in this case is whether the debtor should be denied a discharge under 11 U.S.C. § 727 of the Bankruptcy Code ("the Code"). For the reasons stated herein, we hold that the discharge should be denied.

The facts of this case are as follows:[1] Charles T. Bobroff ("the debtor") wholly-owned two corporations, Zachary Fae, Inc., a retail shoe store, and Fae Enterprises, Inc. A creditor, Continental Bank, ("Continental") made loans to these corporations that were personally guaranteed by the debtor. The loans were secured, *inter alia*, by accounts receivable, inventory, furniture, fixtures, cash and non-cash proceeds and after-acquired property.

Ultimately, the debtor defaulted on the debt owed to Continental. When he failed to cure the default, Continental took an inventory of the contents of the debtor's store and a sheriff's sale of the contents was held one month later. After the sheriff's sale, Continental discovered that the sheriff's inventory did not match the earlier list. Missing items included shoes, jewelry, briefcases, paintings, and decorations. The debtor then filed a petition for relief under chapter 7. Pursuant to two court orders, the chapter 7 trustee, acting on information that the debtor had hidden assets, seized certain property from the debtor's home and from a house and garage owned by a Dr. Spector.[2] Few of the as-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. The debtor contends that because he had filed a praecipe on July 24, 1981, to convert this action to one in chapter 13, the chapter 7 trustee, in seizing assets, acted beyond the scope of his authority, and the debtor, as debtor in the

sets found in the debtor's home, and none of the assets discovered in the Spector house and garage, had been listed in the debtor's chapter 7 schedules. These assets included paintings by the debtor and others, a lithograph by Salvador Dali, an antique desk, and Chinese ceramics. Furthermore, some of the assets found on the Spector premises had been among those previously catalogued in Continental's inventory.

Assets which the debtor listed in his chapter 7 schedules were substantially undervalued in his schedules. A comparison between the chapter 7 schedules and the debtor's subsequent chapter 13 statement is telling. In the chapter 7 schedule, for example, the debtor placed a value on his household furnishings of $2,500.00. In his chapter 13 statement, however, the debtor valued those same furnishings at $11,800.00. Similarly, the debtor's paintings, valued under $300.00 in the debtor's chapter 7 schedules, were valued at $58,150.00 in his chapter 13 statement.

Furthermore, the debtor's fraudulent intent to conceal certain assets of the estate is evidenced by the fact that he failed to reveal, in a former 205(a) [3] examination, the existence of the assets stored in the Spector house and garage; the debtor also failed to disclose that he was renting a garage for storage.

Continental subsequently brought suit objecting to discharge under 11 U.S.C. § 727, or, alternatively, seeking an exception to discharge under 11 U.S.C. § 523.

■ Section 727(a)(2) provides:

(a) The court shall grant the debtor a discharge, unless—

\*   \*   \*   \*   \*   \*

(2) The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(B) property of the estate, after the date of the filing of the petition;

\*   \*   \*   \*   \*   \*

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

\*   \*   \*   \*   \*   \*

11 U.S.C. § 727(a)(2) and (A)(4)(A). Concealment for purposes of § 727 has been defined as hiding assets of the estate which would fund distributions to creditors in a bankruptcy proceeding. *Miles Employee Federal Credit Union v. Griffin,* 22 B.R. 821, 826 (Bankr.S.D.Ohio 1982). While under § 727(a)(2) the creditor or the trustee must prove that the debtor, in concealing assets, intended "to hinder, delay, or defraud a creditor or an officer of the estate," such intent may be proven by circumstantial evidence. *Comprehensive Accounting Corp. v. Morgan,* 43 B.R. 264, 271 (Bankr.E.D.Tenn.1984).

■ The record is clear that after the filing of the chapter 7 petition,[4] the debtor

---

**3.** Former Bankruptcy Rule 205(a), applicable at the time in question, stated as follows:

(a) *Examination on application.* Upon application of any party in interest, the court may order the examination of any person. The application shall be in writing unless made during a hearing or examination or unless a local rule otherwise provides.

Bankruptcy rule 205(a). The material found in Rule 205(a) has been superseded by Bankruptcy Rule 2004(a).

**4.** The debtor filed the petition for relief under chapter 7 on April 24, 1981. On July 29, 1981, the chapter 7 trustee seized estate assets located on the Spector premises. Thus, while it is im-

---

chapter 13 case, had the power to possess, use, or dispose of estate property. By implication, the debtor's argument has necessarily been rejected by the United States Court of Appeals for the Third Circuit, which stated that the debtor's conversion to chapter 13 was void *ab initio. In Re Charles Bobroff,* 766 F.2d 797, 803 (3d Cir. 1985) (section 706(d) designed to prohibit conversion where debtor is ineligible for chapter 13 relief) (citing S.Rep. No. 989, 95th Cong.2d Sess. 94, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5880). Since the conversion to chapter 13 was void *ab initio,* the chapter 7 trustee acted within the scope of his authority, and the debtor had no right to use estate assets as he saw fit.

secreted assets of the estate in the Spector house and garage, as evidenced by the unexplained disappearance of assets from the debtor's store prior to the sheriff's sale, and the subsequent reappearance of those assets on the Spector premises. Furthermore, the debtor continued to store these assets on the Spector premises after the filing of the chapter 7 petition. Such conduct constitutes a fraudulent "concealment" of property under § 727(a)(2). The requisite intent for a denial of discharge under § 727 is shown by the material omission of the concealed assets in the chapter 7 schedule submitted to this court by the debtor, and the debtor's knowing failure to disclose the existence of assets during the 205(a) examination, which were kept in the Spector house and garage.

We conclude, therefore, that the debtor concealed property with the intent to hinder, delay, or defraud a creditor of the estate. Accordingly, we will deny the debtor a discharge.

▆ In the alternative, we will also deny the debtor a discharge under § 727(a)(4)(A). We have previously held that a false statement made by the debtor at an examination during the course of the bankruptcy proceedings is a false oath sufficient for denying discharge. *Lissack Enterprises v. Braidis*, 27 B.R. 470, 472 (Bankr.E.D.Pa.1983) (citing 4 Collier on Bankruptcy ¶ 727.04 at 727–57 (15th Ed.)). Furthermore, a material omission from the debtor's chapter 7 schedules (which were signed under penalty of perjury) may also constitute a false oath for purposes of § 727. *See, Comprehensive Accounting Corp., supra,* at 271 (false statement or omission of assets in the debtor's schedules may be false oath barring discharge). That the debtor made such false oath "knowingly and fraudulently" may be inferred from the facts. *Lissack Enterprises, supra,* at 472. Furthermore, the requisite intent under § 727 may be predicated on evidence of a pattern of reckless and cavalier disregard for the truth. *Guardi-*

*an Industrial Products v. Diodanti*, 9 B.R. 804, 808 (Bankr.D.Mass.1981). *Comprehensive Accounting Corp., supra,* at 271.

▆ As applied to this case the debtor fraudulently failed to disclose in his chapter 7 schedules the existence of certain assets. Secondly, assets which were listed in the schedules were substantially and fraudulently undervalued. Thirdly, the debtor fraudulently failed to disclose the existence of estate property on the Spector premises during the 205(a) examination. Each of these acts by the debtor constitutes a false oath, made knowingly and fraudulently by the debtor and therefore, a denial of discharge is properly predicated on § 727(a)(4)(A).

We will, accordingly, deny the debtor a discharge under 11 U.S.C. § 727(a)(2)(B) or, alternatively, § 727(a)(4)(A). This result renders moot Continental's request for an exception to discharge under 11 U.S.C. § 523(a).

possible to ascertain from the record exactly when the concealment of assets took place, such

concealment clearly occurred after the date of filing for purposes of § 727(a)(2)(B).