**In re John Richard CALDER, Debtor.**

**Dennis and Reta JOB, Plaintiffs,**

**v.**

**John Richard CALDER, Defendant.**

**Bankruptcy No. 86A–03558.
Adv. No. 86PA–0989.**

United States Bankruptcy Court,
D. Utah, C.D.

Sept. 27, 1988.

See also, Bkrtcy., 93 B.R. 739.

John Borsos, Salt Lake City, Utah, for plaintiffs.

Daniel Boone, Salt Lake City, Utah, for debtor.

## MEMORANDUM DECISION AND ORDER

JOHN H. ALLEN, Bankruptcy Judge.

This matter was tried before the Court on August 12, 1988, pursuant to Plaintiff's Complaint Objecting to Discharge. After a careful review of the evidence presented at trial and the relevant law pertaining to that evidence, the Court now renders the following memorandum decision and order.

On August 19, 1986, John Richard Calder (Calder) filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code (Title 11). The Statement of Affairs and the Schedules of Calder's assets were filed with the petition and were signed by him under penalty of perjury. The Complaint was brought *inter alia* under 11 U.S.C. § 727(a)(4)(A) which provides that:

1. (a) The Court shall grant the debtor a discharge, unless ...

 (4) the debtor knowingly and fraudulently, in or in connection with the case

 (A) makes a false oath or account.

This section is derived from the Bankruptcy Act Section 14(c). Under § 14(c), a significant and often litigated issue was allocation of the burden of proof. That issue was ultimately resolved by rule, specifically former Bankruptcy Rule 407, which made clear that the burden of proof applicable to a complaint objecting to a discharge was on the plaintiff. *See Matter of Decker*, 595 F.2d 185 (3rd Cir.1979) (upholding validity of Rule 407). Current Bankruptcy Rule 4005 is virtually identical to former Rule 407 in stating that the burden is on the plaintiff in a proceeding brought under 727. *See* 8 COLLIER ON BANKRUPTCY p. 4005 at 4005–1 to 4005–2 (15 ed. 1988).

While the plaintiff has the burden of persuasion, the burden of going forward with the evidence shifts to the debtor once the plaintiffs have shown the acts complained of occurred. *In re Martin*, 698 F.2d 883, 887 (7th Cir.1983). The debtor must then come forward with a credible explanation of his actions. However, the ultimate burden of proof in a proceeding objecting to discharge lies with the plaintiff. An inference of irregularity may arise from a series of assets or potential assets omitted from a debtor's schedules. *In re Topping*, 84 B.R. 840, 842 (Bankr.M. D.Fla.1988) The cumulative effect of evidence of assets not listed will satisfy the creditor's burden of proof. The Tenth Cir-

cuit has determined that the plaintiff need carry its burden under this section only by a preponderance of the evidence. *Farmers Co–Op. Assn. of Talmage, Kansas v. Strunk,* 671 F.2d 391, 395 (10th Cir.1982).

The focus of the evidence before us was on the Statement of Affairs and Schedule B–1 filled out by the debtor and filed with the petition. Paragraph 2(e) of the Statement of Affairs (Statement) asks "What amount of income have you received from other sources during each of these two years? (Give particulars, including each source and the amount received therefrom)." Calder answered this question, "Until April 1984, debtor received the income from Redlac partnership. This was approximately $500.00 per month. There was a bonus paid at the end of the year." Paragraph 4 of the Statement asked the debtor about all bank accounts. The answer listed three. Calder answered "no" in response to paragraph 12 of the Statement which asked if there were transfers of property as gifts to family members.

Plaintiffs' case under § 727(a)(4)(A) alleges that the debtor held an ownership interest in mineral rights which were not listed on Schedule B–1, that he failed to disclose certain bank accounts and that partnership income was not revealed. During direct examination, Calder acknowledged the ownership of mineral rights in the Altamont Field in Utah and two additional bank accounts. This acknowledgement included a disclaimer that the failure to list these items was based on the worthlessness of the mineral rights and the lack of any money on deposit in the accounts. The testimony also revealed that after April, 1984, and continuing to the present, monthly income has been paid to the debtor from the Redlac Partnership. The money was designated by Calder to be placed in his wife's bank account. The partnership records are still in his name and the income derived therefrom was $12,444 in 1985 and similar amounts in 1986 and 1987.

The Court of Appeals for the Third Circuit recently reiterated the absolute importance to the bankruptcy process of complete and candid disclosure by debtors.

*Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3rd Cir.1988). *Accord In re Tully,* 818 F.2d 106, 110 (1st Cir.1987). Section § 727(a)(4) serves the important function of sanctioning those Chapter 7 debtors who deliberately fail to make proper disclosures. Such debtors are denied a discharge and are thus, effectively denied relief from creditors in bankruptcy. *In re Ball,* 84 B.R. 410, 415 (Bankr.D.Md. 1988).

As stated recently by the 9th Circuit Court of Appeals, "The debtor ... must be scrupulous in providing notice of all assets to which others may make a legitimate claim." *In re Woodson,* 839 F.2d 610, 616 (9th Cir.1988). The leading case on 727(a)(4)(A) is *In re Chalik,* 748 F.2d 616 (11th Cir.1984) where it was held that the debtor's concealment of assets even if worthless, warrants loss of discharge in bankruptcy.

When a Chapter 7 debtor failed to list three assets in his original sworn schedule of assets, omitted two of the assets on his first amended schedule of assets, listed one of the remaining two assets in his second amended schedule of assets after being grilled at a creditor's meeting, and never listed the last asset at any time in any schedule; the 1st Circuit found the debtor exhibited reckless indifference to the truth which has consistently been treated as the functional equivalent of fraud for purposes of denial of discharge for false oath under 11 U.S.C. § 727(a)(4)(A) *In re Tully,* 818 F.2d 106 (1st Cir.1987).

Other Courts have decided that through deliberate omission on Schedules and Statements of Affairs, conduct is exhibited which constitutes the making of a false oath as prescribed by § 727(a)(4)(A). A debtor's intent to frustrate creditors and officers of the Court can be inferred from such conduct. *In re Olivier,* 819 F.2d 550 (5th Cir.1987); *In re Lah,* 88 B.R. 141 (Bankr.N.D.Ohio, 1988). In *In re Cutignola,* 87 B.R. 702 (Bankr.M.D.Fla.1988), the debtors listed three bank accounts on their Statement of Affairs. It was later established that there existed a fourth bank account which was still open at the time of

filing. The explanation by the debtors that it had zero balance did not persuade the Court. The Court was further shocked by the revelation that payments to relatives for a previous loan were not disclosed on the Statement of Affairs. The Court pointed out that when the debtors signed their Statement of Financial Affairs they certified that all answers to questions set forth in the statement were true and that failure to list the bank account, as well as a burial plot, constituted false oaths with at minimum a reckless disregard for the truth and that due to the false oaths made in the case the debtors be denied a discharge pursuant to § 727(a)(4)(A).

Calder testified that he believed his omissions were rectified because he had revealed the ownership of the mineral rights and the additional bank accounts to the trustee at the § 341 meeting. However, in *In re Garcia*, 88 B.R. 695 (Bankr.E.D.Pa. 1988), the Court was not impressed when the debtor amended the schedules subsequent to the plaintiff's complaint for denial of discharge pursuant to § 727(a)(4)(A). The court said there was no merit in the position taken by the debtor that the amendment excused the original failure. "The existence of sanctions for failure to disclose assets would serve no purpose if deficiencies could simply be remedied at any time parties in interest call attention to them." In that case, the debtor failed to list two bank accounts, a safe deposit box and a contingent unliquidated claim.

In *In re Martin*, 88 B.R. 319 (D.Colo.1988), the debtor omitted two bank accounts from his Statement of Affairs. The Court pointed out that a false answer on a Statement of Affairs constitutes a false oath for purposes of § 727. The primary purpose of § 727(a)(4)(A) is to ensure that dependable information is supplied to those interested in the administration of the bankruptcy estate so they can rely upon it without the need for the trustee or other interested parties to dig out these true facts in examination or investigation. The Court determined that the debtor's failure to reveal the existence of the accounts was material because knowledge of their existence could have possibly occasioned discovery of past transactions which might have led to other objections to discharge or possible fraudulent conveyances or preferences. The Court was not dissuaded from denying discharge by the fact that the debtor amended the schedules to list the bank accounts prior to the trial.

Ultimately, what is presented in this case is a suggestion of a debtor who filed a chapter 7 petition in a careful plan to have it proceed as a no-asset case. Any asset which a prudent trustee might have investigated was deliberately left off. The trustee and the creditors are entitled to honest and accurate signposts on the trail showing what property has passed through the debtor's hands during the period prior to bankruptcy. *In re Gonday*, 27 B.R. 428, 432 (Bankr.M.D.La.1983); *In re Espino*, 806 F.2d 1001 (11th Cir.1986). While it is true that a false statement in the bankruptcy Schedule or Statement of Financial Affairs caused by mere mistake or inadvertence is not sufficient to require denial of discharge, because the debtor must have fraudulently intended to make a false oath or account; nevertheless, the courts have held that a reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may give rise to the level of fraudulent intent necessary to bar a discharge. *In re Diodati*, 9 B.R. 804, 808 (Bankr.D.Mass.1981); *In re Bobroff*, 58 B.R. 950 (Bankr.E.D.Pa.1986). The debtor in the case before us is an attorney who should be expected to comprehend his responsibility for accuracy and truthful disclosure. While our nation's bankruptcy laws offer those in difficult financial straits an opportunity to obtain a fresh start, certain obligations condition that opportunity, the obligation of truthful disclosure. In *In re Mart*, 87 B.R. 206 (Bankr.S.D.Fla.1988), the court believed that a housewife, innocent in business affairs, did not have the level of sophistication necessary to have a calculated disregard for the importance of documents signed under penalty of perjury and rejected the plaintiff's complaint brought pursuant to § 727(a)(4)(A). The case at hand is very different. This debtor

is an experienced attorney practicing exclusively in bankruptcy law. In addition, prior to the filing of the petition which is the subject of this proceeding, Calder personally filed petitions under Chapter 13 in 1981, 1984, and 1986. All three petitions were subsequently dismissed. The 1984 and 1986 cases were dismissed on the ground of bad faith filing.

█ Even though a debtor amended his schedule to include a 1973 truck valued at $3,500, as well as various tools, the Court in *In re Tarle*, 87 B.R. 376 (Bankr.W.D.Pa. 1988), was not convinced that the debtor had not made a false oath under § 727(a)(4)(A). The materiality of the false oath or account does not require that any of the creditors were prejudiced by the false statement. Rather, the question of materiality goes to the necessity of the information in enabling creditors or a trustee to discover assets and past transactions.

█ This Court is convinced that a complete disclosure of the debtor's financial affairs is a prerequisite to obtaining a discharge. *In re Montgomery*, 86 B.R. 948 (Bankr.N.D.Ind.1988). A knowing and fraudulent omission from a sworn Statement of Affairs or Schedule may constitute a false oath sufficient to bar a discharge. *A debtor may not be able to escape denial of discharge for making false oath merely by asserting that the admittedly falsely stated information concerned worthless business relationships or holdings.* In *In re Chalik*, 748 F.2d 616 (11th Cir.1984), the debtor omitted all reference to a corporation in which he held an interest (as officer, director and stockholder) because the concealed information concerned "worthless assets". The Court rejected that argument and held that the information was necessary to determine his financial condition even if property was worthless. It makes no difference that the debtor did not intend to injure his creditors when he made a false statement as creditors are entitled to judge for themselves what will prejudice them. If a debtor is uncertain as to whether certain assets are legally required to be included in his petition, it is his duty to disclose the assets so the question may be

resolved. *In re Ingle*, 70 B.R. 979 (Bankr. E.D.N.C.1987).

Based on the sheer weight of the law, this Court believes it is inescapable that deliberate omissions by the debtor may result in the denial of the debtor's discharge, and the debtor's assertions that the assets are worthless *or unavailable* to creditors does not relieve the debtor from disclosing all his property interests. Furthermore, the debtor may not hide behind the "invisible cloak of disclosure" by alleging that, although not listed appropriately, the assets were revealed to the trustee at the Section 341 meeting of creditors and thereafter. This is simply not the test. Sound policy considerations mandate that the requirements to list all assets and liabilities is an absolute obligation of those seeking a discharge of their debts through bankruptcy. To require otherwise would put the debtor in the position of determining which assets are worthy of disclosure and which are not—a rather self-serving determination.

In *In re Cook*, 40 B.R. 903 (Bankr.N.D. Iowa, 1984), the court cited the debtor for deliberate dishonesty in failure to list display cases, a cash register, counter and chairs and held that this failure presented grounds for denying discharge under § 727(a)(4)(A). These items would seem to be of inconsequential value, but creditors or trustees are entitled to judge for themselves what will be of benefit. This determination is the creditor's or the trustee's to make, based upon a requirement of full disclosure from the debtor. The veracity of the statements filled out by the debtor is essential to the successful administration of the Bankruptcy Code. *In re Chalik*, 748 F.2d 616 (11th Cir.1984) (*Diorio v. Kreisler–Borg Construction Co.*, 407 F.2d 1330 (2nd Cir.1969)).

Like Calder, another debtor contended certain omissions were trivial, but the Court in *In re Somerville*, 73 B.R. 826 (Bankr.E.D.Pa.1987) decided that the discharge would be denied because an omission or false statement adversely affects the creditors ability to discover other assets or to fully investigate the debtor's

pre-bankruptcy dealings and financial condition. This Court likewise believes that if bank accounts are not known to the trustee there can be avoidable transfers which are placed beyond discovery.

The declaration signed by Calder states that, under penalty of perjury, he had read the answers contained in the statement of Financial Affairs and that the answers were correct to the best of his knowledge. He also signed a declaration under penalty of perjury that Schedules A & B were true and correct. Calder should be absolutely aware by his profession and by his experience of the requirements to fully and accurately answer all questions on the Statement of Financial Affairs and the requirements to honestly list all assets on the Schedules. This he did not do. He omitted any mention of the mineral rights in the Altamont Field, omitted two bank accounts and did not disclose the substantial income from the Redlac Partnership or the gift to his wife of this income.

### DECISION

 Because of the cumulative omissions, coupled with the fact that the debtor is an attorney who holds himself out as knowledgeable in bankruptcy law, the Court is led to the inescapable conclusion, by clear and convincing evidence, that the failures listed above were knowing and fraudulent. Therefore, the Court finds that the debtor, in connection with this chapter 7 case, has knowingly and fraudulently made a false oath which precludes a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

IT IS ORDERED that the discharge of John Richard Calder is denied.