In re Linda Sue SCHMITZ, Debtor.

Don TORGENRUD, Trustee, Plaintiff,

v.

Linda SCHMITZ, Defendant.

Bankruptcy No. 98–30619–7.
Adversary No. 98/00067.

United States Bankruptcy Court,
D. Montana.

Sept. 2, 1998.

**150**

Don Torgenrud, Attorney at Law, St. Ignatius, MT, for Chapter 7 Trustee.

Charles J. Tornabene, Tornabene & McKena, P.L.L.C., Missoula, MT, for Defendant/Debtor.

### ORDER

JOHN L. PETERSON, Chief Judge.

In this adversary proceeding, after due notice, trial was held August 20, 1998, at Butte on the Plaintiff's Complaint objecting to the Defendant/Debtor's ("Schmitz") discharge. The Plaintiff's Complaint seeks de-nial of Schmitz's discharge under 11 U.S.C. § 727(a)(4)(A). Schmitz resists the complaint and denies its allegations. Both parties appeared at the trial through counsel, Schmitz testified and both parties introduced numerous exhibits. At the conclusion of trial, the Court granted the parties five days to file briefs in support of their respective positions. The briefs have been filed and this matter is deemed submitted.

Schmitz filed her voluntary Chapter 7 bankruptcy petition on March 5, 1998, listing Linda Sue Schmitz as her name and leaving the box for "ALL OTHER NAMES" blank. The Plaintiff objects to Schmitz's discharge because on the date Schmitz filed her petition and at all times since then, Schmitz was married to H. John Balyeat, and has gone by the name of Linda Sue Balyeat. At trail, the Plaintiff introduced Exhibits 1 through 9, which include, among other things, a copy of a Deed of Trust dated February 19, 1998, a copy of Schmitz's Montana driver's license, and a note stating the new address for John and Linda Balyeat—all showing Schmitz's name as Linda Sue Balyeat.

This Court is not aware of any published cases that address the applicability of 11 U.S.C. § 727(a)(4)(A) to a debtor's failure to provide his or her present name. The cases considering the denial of discharge under § 727(a)(4)(A) deal almost exclusively with instances where a debtor has transferred· or concealed assets or where the debtor has failed to fully and accurately list assets or has failed to maintain financial records. The Court, nevertheless, finds such cases instructive and after careful consideration of the applicable law, and the importance a debtor's name carries in a bankruptcy proceeding, the Court finds that denial of Schmitz's discharge is warranted.

The Bankruptcy Code provides that a debtor under Chapter 7 shall be granted a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account...." 11 U.S.C. § 727(a)(4). Thus, to succeed on a § 727(a)(4)(A) claim, the objecting party must demonstrate that: (1) a false oath or statement was made by the debtor; (2)

knowingly and fraudulently; (3) which was material to the course of the bankruptcy proceedings. *First Nat'l Bank of Crosby v. Syrtveit (In re Syrtveit),* 105 B.R. 596 (Bankr.Mont.1989). A false oath or statement is made when it occurs (1) in the debtor's schedules or (2) at an examination during the course of the proceedings. *Scimeca v. Umanoff,* 169 B.R. 536, 542 (D.N.J.1993); *aff'd,* 30 F.3d 1488 (3d Cir.1994). The Court in *Scimeca* noted that while the initial burden lies on the objector to prove that the debtor made a false statement in connection with the proceedings, once it "reasonably appears the oath is false, the burden falls on the bankrupt" to disprove the allegation. *Scimeca,* 169 B.R. at 542; *Kramer v. Poland (In re Poland),* 222 B.R. 374 (Bankr.M.D.Fla. 1998) ("it is well established that once the Plaintiff has met the initial burden by producing evidence which establishes a basis for the objection, the Defendant has the ultimate burden of persuasion. *See, Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 619 (11th Cir.1984).").

■ In the case at bar, Schmitz failed to provide the name that she has gone by since March 29, 1997—the date Schmitz married H. John Balyeat. In addition, Schmitz failed to divulge her current name to the Trustee when questioned about aliases at the 341(a) Meeting of Creditors. In both instances, Schmitz swore under penalty of perjury that Linda Sue Schmitz was the only name that she was known by. Given the obvious falsity of Schmitz's statements, the Court finds that Plaintiff has demonstrated that Schmitz made a false oath or statement.

■ To satisfy the next element under § 727(a)(4)(A), there must be evidence suggesting that the "false oath or account was knowingly and fraudulently made." *First Nat'l Bank of White Sulphur Springs v. Bastrom (In re Bastrom),* 106 B.R. 223, 227 (Bankr.Mont.1989). In *Bastrom,* this Court held:

A material omission from the Debtors' Chapter 7 schedules, or a false answer on a statement of financial affairs may constitute a false oath for purposes of § 727. *[In re] Martin,* [88 B.R. 319] at 323 [(D.Colo.1988)]; *Comprehensive Account-*

*ing Corp. v. Morgan,* 43 B.R. 264, 271 (Bankr.E.D.Tenn.1984). · It may be inferred from the circumstances that the Debtors acted "knowingly and fraudulently" in omitting a material fact. *In re Braidis,* 27 B.R. 470, 472 (Bankr.E.D.Pa. 1983); *[In re] Bobroff,* [58 B.R. 950] at 951 [(Bankr.E.D.Pa.1986)].

With regard to materiality, the Eighth Circuit Court of Appeals adopted the following standard of materiality as espoused by the Eleventh Circuit Court of Appeals in *Chalik,* 748 F.2d 616:

The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.

*Mertz v. Rott,* 955 F.2d 596, 598 (8th Cir. 1992). Using the standard of materiality as set forth in *Mertz,* this Court finds that a debtor's failure to disclose his or her current name is material in that it has a direct impact on the creditors' and the Trustee's ability to discover assets and or business dealings. This case highlights an obvious and fundamental maxim in bankruptcy—that providing false information under oath in a bankruptcy proceeding is not a matter to be taken lightly. *See e.g., Tully,* 818 F.2d 106, 112 (1st Cir.1987) (stressing that sworn statements in bankruptcy schedules "must be regarded as serious business" because "the system will collapse if debtors are not forthcoming"); *In re Nazarian,* 18 B.R. 143, 146 (Bankr.D.Md.1982) (noting that a creditor need not actually rely on the false statement). As previously noted by this Court,

The primary purpose of § 727(a)(4)(A) is to ensure that dependable information is supplied to those interested in the administration of the bankruptcy estate so they can rely upon it without the need for the Trustee or other interested parties to dig out the true facts through examinations or investigations.

*Bastrom,* 106 B.R. at 227.

The Court finds, after considering: (1) the material nature of Schmitz's omission; (2)

the importance of requiring debtor's to provide truthful, accurate and complete information in their schedules and statements; (3) Schmitz's unwillingness to amend her schedules once the deficiency was discovered; and (4) Schmitz's inability to adequately explain why she did not list her current name,[1] that Schmitz knowingly and fraudulently made a false oath under § 727(a)(4)(A). A prudent debtor in this situation would have listed his or her current name, i.e., Linda Sue Balyeat, on the "In Re" line and would have listed Linda Sue Schmitz on the line for "ALL OTHER NAMES." In this case, Schmitz failed to provide adequate information and, as a result, a general discharge of her debts must be denied.

IT IS THEREFORE ORDERED a separate Judgement shall be entered in favor of the Plaintiff, Don Torgenrud, Trustee and against the Defendant/Debtor, Linda Sue Schmitz; and Debtor/Defendant Linda Sue Schmitz is denied a general discharge under 11 U.S.C. § 727(a)(4)(A).

---

**1.** Schmitz's reasoning for not providing her current name was that she wanted to avoid both the embarrassment and the questions that may be raised by having the name Balyeat associated with a bankruptcy. Schmitz's concern most likely stems from the fact that her husband is an attorney who deals almost exclusively in the collection of unpaid accounts. Unfortunately, in the realm of bankruptcy, debtors often do experience some embarrassment. This Court, however, is unwilling to allow debtors to omit their current names from their schedules and statements to avoid such embarrassment.