Carol Ann **DEAN**, Debtor–Appellant,

v.

**W. Clarkson McDOW, Jr., United States Trustee, Appellee.**

**No. 2:03CV325.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 25, 2003.

Timothy V. Anderson, Steve C. Taylor PC, Chesapeake, VA, for Appellant.

Cecelia A. Weschler, Office of U.S. Trustee, Norfolk, VA, for Appellee.

### OPINION AND ORDER

SMITH, District Judge.

This matter comes before the court on debtor Carol Ann Dean's appeal, pursuant to 28 U.S.C. § 158(a), from an order of the United States Bankruptcy Court for the Eastern District of Virginia. On April 1, 2003, the bankruptcy court revoked debtor's discharge of indebtedness pursuant to 11 U.S.C. § 727(d)(1). For the reasons stated below, the order of the bankruptcy court is **AFFIRMED.**

### I. Factual and Procedural History

Carol Ann Dean [1] ("Dean") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on April 26, 2001. At the time, Dean was represented

---

1. Debtor's current name is Carol Ann Loxley, as a result of her remarriage in January 2002. For the purposes of consistency, however, the court will refer to debtor as Dean, the name on the caption of this case.

by counsel, Philip A. Liebman ("Liebman"). Dean was granted a discharge of indebtedness on August 9, 2001. On January 31, 2002, Dean's case was ordered closed.

On August 6, 2002, the United States Trustee ("U.S. Trustee") filed a motion to reopen the case and a motion to extend the deadline to file a complaint for the revocation of Dean's discharge, alleging possible fraud. The statutory deadline for the United States Trustee to request revocation of a discharge obtained through fraud is one year from the date of discharge, 11 U.S.C. § 727(d)(1) & (e)(1), making August 9, 2002, the applicable deadline in Dean's case. By two orders dated August 13, 2002, the bankruptcy court reopened Dean's case and extended the time to file a complaint to revoke the discharge until September 30, 2002. Dean's counsel, Liebman, endorsed the orders accompanying both motions.

On September 4, 2002, Dean submitted to an examination by the U.S. Trustee under Rule 2004 of the Federal Rules of Bankruptcy Procedure. Dean was represented by Attorney Liebman at the Rule 2004 examination.

The U.S. Trustee filed a complaint to revoke discharge on September 30, 2002, in accordance with the bankruptcy court's order extending the time to file. The complaint alleged that Dean knowingly and fraudulently made false oaths about material matters in connection with her bankruptcy by falsely indicating in her Statement of Financial Affairs that (1) she had not transferred property within one year

prior to filing her case, when in fact she had sold and transferred antiques, collectibles, furniture, and jewelry; (2) she had not been involved in any businesses within two years prior to filing her case, when in fact she had owned and operated a thrift store named "New to You"; (3) she had not suffered losses from theft within one year prior to filing her case, when she now alleges that her estranged husband had stolen valuable jewelry from her in the year prior to her filing. The complaint further alleged that Dean had intentionally omitted assets from her schedules, in part by failing to list jewelry on Schedule B. Dean filed an answer on October 29, 2002.

A pre-trial conference was held on November 26, 2002, and Dean and Attorney Liebman appeared. A pre-trial order followed on January 7, 2003, setting trial for January 23, 2003, and requiring the parties to file lists of exhibits and witnesses. The U.S. Trustee filed witness and exhibit lists on January 13, 2003, but Dean did not file either list. On January 16, 2003, Liebman moved to withdraw as counsel, and the motion was granted on January 21, 2003. On January 23, 2003, the trial was continued upon the telephone request of Dean's new counsel, P. Hedges [2] ("Hedges"). A chambers appointment was held on February 11, 2003, at which, as noted in the relevant docket entry, the bankruptcy court advised Hedges that continuance of the trial did not continue deadlines established in the pre-trial order.[3]

Trial was held on March 24, 2003. Dean appeared without counsel, but responded in the affirmative when asked by the bankruptcy court if she was prepared to go

---

**2.** The record does not reveal Mr. Hedges's first name.

**3.** The docket entry for this chambers appointment further indicates that Hedges was not yet admitted to practice in the bankruptcy court. The court instructed Hedges to file an

appropriate notice of appearance for the debtor after becoming admitted to practice. The subsequent docket, however, does not include any notice of appearance for Hedges, indicating that he never formally appeared in the case.

forward. (Trial Tr. at 3.)[4] As Dean had raised no objections to the U.S. Trustee's seven exhibits, including the transcript of Dean's Rule 2004 Examination, they were admitted by the bankruptcy court. (*Id.* at 4, 15, 18.) Because Dean had not submitted witness or exhibit lists in compliance with the bankruptcy court's pre-trial order, she was precluded from presenting any evidence other than her own testimony. (*Id.* at 4, 18–19.)

The U.S. Trustee called Debera F. Conlon ("Conlon"), assistant to the U.S. Trustee for the Eastern District of Virginia, who testified that the U.S. Trustee did not know of Dean's alleged fraud prior to Dean's discharge on August 9, 2001. (*Id.* at 7.) Conlon explained that the U.S. Trustee had first become aware of possible fraud in July 2002, when a member of Conlon's staff received a telephone call concerning Dean's bankruptcy. (*Id.* at 6–7.) Dean did not cross-examine the witness. (*Id.* at 7.)

In lieu of direct examination of the debtor, the U.S. Trustee highlighted for the court the portions of the transcript of Dean's Rule 2004 Examination which demonstrated that Dean had made material misstatements. (*Id.* at 7–8.) The U.S. Trustee called the bankruptcy court's attention to Dean's testimony relating to the sale of Dean's "New to You" business (*id.* at 9–10), the sale of other property to an unspecified woman on Liberty Street (*id.* at 10), the sale of Dean's antique furniture (*id.*), the sale of miscellaneous property through yard sales (*id.* at 10–11), and the sale of a dining room set (*id.* at 11), none of which had been reported as transfers on

Dean's Statement of Financial Affairs. (*Id.*) The U.S. Trustee highlighted Dean's operation of the "New to You" store, which also had not been reported in the relevant portion of her Statement of Financial Affairs. (*Id.* at 12.) Finally, the U.S. Trustee walked the bankruptcy court through Dean's testimony that jewelry worth in excess of $20,000 had been stolen from her on April 29, 2000, some of which was recovered by the police, but which was subsequently stolen again by her ex-husband, Rick Dean. (*Id.* at 12–17.) Dean had not reported the thefts in her Statement of Financial Affairs or schedules, nor had she reported a $2,500 insurance settlement for stolen jewelry, or a gold ring which had remained in Dean's possession. (*Id.*)

In testifying on her own behalf, Dean did not dispute that she had made misstatements in her bankruptcy case, but instead explained that they resulted from having placed too much reliance on her attorney, as she was far more concerned with severe family problems[5] than the details of her bankruptcy. (*Id.* at 24.) Dean explained that she did not purposefully commit fraud, but simply failed to review her bankruptcy papers with appropriate care because of the tragic events in her family's life over the prior year. (*Id.*)

At the close of argument, the bankruptcy court found that Dean had knowingly and fraudulently made false oaths about material matters in connection with her bankruptcy, and revoked her discharge on that basis. (*Id.* at 35–36.) An order revoking Dean's discharge was filed on April 1, 2003.

---

4. *See supra* note 3.

5. The family problems of which Dean testified were unquestionably severe. Dean explained to the bankruptcy court that her ex-husband, Rick Dean, had raped her fifteen-year-old daughter and attempted suicide. (Trial Tr. at 21.) He then stole money and jewelry from Dean and left town. (*Id.*) Dean's daughter, traumatized by the rape, was treated in a psychiatric hospital. (*Id.*)

## II. Analysis

■ Dean raises four grounds on appeal: (1) the complaint to revoke her discharge was not timely filed; (2) the U.S. Trustee did not meet an affirmative duty to investigate Dean's bankruptcy and therefore constructively knew of Dean's fraud; (3) Dean did not make false oaths because she lacked fraudulent intent and her misstatements were de minimus; and (4) the revocation was based on inadmissible evidence. On appeal, a district court reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *In re Deutchman,* 192 F.3d 457, 459 (4th Cir.1999).

### A. Timeliness of the Complaint

■ Dean argues for the first time on appeal that the U.S. Trustee's Complaint to Revoke Discharge was untimely filed and therefore barred by 11 U.S.C. § 727 and Rule 9024 of the Federal Rules of Bankruptcy. Section 727 provides in relevant part that "the United States trustee may request a revocation of discharge ... under subsection (d)(1) of this section within one year after such discharge is granted." 11 U.S.C. § 727(e)(1). Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code "except that ... a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code."

Dean claims that the bankruptcy court lacked jurisdiction to hear the U.S. Trustee's complaint because it was not filed within the one-year period specified by § 727(e)(1). In reviewing the order of the bankruptcy court, the court is obligated to satisfy itself that the bankruptcy court had valid jurisdiction. *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934). A lack of federal jurisdiction cannot be waived. *Id.*

The cases dealing with whether the timely filing of a complaint objecting to discharge is jurisdictional are sharply divided. *See Dombroff v. Greene (In re Dombroff),* 192 B.R. 615, 618–19 (S.D.N.Y. 1996) (citing cases). Despite the overall disagreement among the federal courts, however, the Fourth Circuit has indicated the position it finds more persuasive: the timeliness of a dischargeability complaint is not a jurisdictional prerequisite, but rather presents an affirmative defense similar to a statute of limitations that must be raised in an answer or responsive pleading. *Farouki v. Emirates Bank Int'l, Ltd.,* 14 F.3d 244, 248 (4th Cir.1994); *see Mann v. CCR Fin. Planning, Ltd. (In re McKoy),* 211 B.R. 843, 846 (E.D.Va. 1997). "If the defense is not raised in the answer or responsive pleading, it is generally waived." *Farouki,* 14 F.3d at 248 (quoting *In re Santos,* 112 B.R. 1001, 1008 (9th Cir. BAP 1990)). Although *Farouki* was decided in the context of Bankruptcy Rule 4004(a), rather than § 727(e)(1), there is nothing in Dean's brief or *Farouki* itself to indicate that the dischargeability time limitation of the former should be treated differently from the latter.[6]

■ It is, therefore, unnecessary to address whether the U.S. Trustee's complaint was timely filed because Dean has waived her right to appeal on this point.

---

6. Rule 4004(a) provides that "[i]n a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4004(a).

Thus, while 11 U.S.C. § 727(e) sets the time limitations for complaints to revoke a granted discharge, Rule 4004(a) sets the time limitations for complaints to the granting of a requested discharge.

Failure to raise a non-jurisdictional issue before the bankruptcy court will generally be treated by the district court as a waiver of the right to have the issue heard on appeal. *In re Lane*, 991 F.2d 105, 107 (4th Cir.1993); *In re Arnold*, 869 F.2d 240, 244 (4th Cir.1989). Exceptions to this general rule are made only in "very limited circumstances," when the error is "plain" and refusing to consider it would result in a miscarriage of justice. *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 318 (4th Cir.1988). In civil practice, a plain error is one which is fundamental: "an error so serious and flagrant that it goes to the very integrity of the trial." *Stewart v. Hall*, 770 F.2d 1267, 1271 (4th Cir.1985) (quoting *Modave v. Long Island Jewish Med. Ctr.*, 501 F.2d 1065, 1072 (2d Cir. 1974) (Friendly, J.)). Dean has not even argued that exceptional circumstances justifying the departure from the general rule are present, and based on the record before the court, there are no exceptional circumstances justifying such departure.

### B. The U.S. Trustee's Knowledge of Fraud

■ The bankruptcy court shall revoke a discharge on the basis of fraud only if "the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). Dean argues for the first time on appeal that the errors and omissions on Dean's schedules should have put the U.S. Trustee on notice of possible fraud, triggering an obligation to investigate. Because the U.S. Trustee began investigating possible fraud only after receiving a telephone call concerning Dean's bankruptcy in July 2002, Dean argues that the U.S. Trustee cannot rely upon the "did not know" provision of § 727(d)(1).

As explained above, *see supra* Part II. A., failure to raise a non-jurisdictional issue before the bankruptcy court will generally be treated by the district court as a waiver of the right to have the issue heard on appeal. Dean did not raise the issue of the U.S. Trustee's knowledge of fraud in her answer or at trial. Moreover, this issue does not fall within the "very limited circumstances" of plain error which would result in a miscarriage of justice. It cannot be considered plain or fundamental error for the bankruptcy court to have found that the defects in Dean's schedules did not alert the U.S. Trustee to possible fraud; nor can it be considered a miscarriage of justice for a debtor's discharge to be revoked when she has failed to meet her duty of candor. Consequently, Dean has waived her right to have this issue considered on this appeal.

### C. False Oaths

■ To prevail on its complaint seeking revocation of discharge under 11 U.S.C. § 727(d)(1), the U.S. Trustee was required to prove that (1) Dean obtained a discharge through fraud, and (2) the Trustee was not aware of the alleged fraud prior to discharge. To prove that Dean obtained her discharge by fraud, the U.S. Trustee was required to show that (1) Dean knowingly and fraudulently made a false oath in or in connection with the bankruptcy proceeding, and (2) the oath concerned a material fact. 11 U.S.C. § 727(a)(4)(A). Dean has not disputed that her schedules and Statement of Financial Affairs contained false oaths. Instead, she argues that she lacked fraudulent intent, and that her omissions were de minimus. The bankruptcy court's determination of fraud is a factual finding which is reviewed for clear error. The bankruptcy court did not commit clear error in determining that Dean knowingly and fraudulently made false oaths, and that the oaths concerned material facts.

### 1. Knowingly and Fraudulently

The requirement that false oaths have been made "fraudulently" may be satisfied in one of two ways. *Hatton v. Spencer (In re Hatton)*, 204 B.R. 477, 484 (E.D.Va.1997). First, fraudulent intent may be established by circumstantial evidence, or by inference drawn from a course of conduct. *Id.* Second, proof of a "reckless indifference to the truth" constitutes the "functional equivalent of fraud." *Id.* (quoting *In re Johnson*, 139 B.R. 163, 166 (Bankr.E.D.Va.1992)). "[B]ecause a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor, deference to the bankruptcy court's factual findings is particularly appropriate." *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir.1987).

The evidence presented at trial easily supports the second method of finding fraudulent intent. While any single omission or error may be the result of an innocent mistake, multiple inaccuracies are evidence of "a pattern of reckless and cavalier disregard for the truth serious enough to supply the necessary fraudulent intent required by § 727(a)(4)(A)." *Hatton*, 204 B.R. at 484 (quoting *In re Johnson*, 139 B.R. at 170). Dean's argument that she did not pay close attention to her bankruptcy papers emphasizes rather than undermines a finding of fraudulent intent: "A mere 'glance over' merely corroborates the evidence that the debtors recklessly or wilfully made a false oath within the meaning of 727(a)(4)." *Id.* at 485 (quoting *In re Sims*, 148 B.R. 553, 557 (Bankr.E.D.Ark. 1992)). The court can find no error in the bankruptcy court's conclusion that Dean's failure to read her bankruptcy papers constituted a reckless indifference to the truth and the functional equivalent of fraud.

### 2. Material Fact

Dean argues that the omissions and misstatements in her bankruptcy papers were de minimus in nature and did not prejudice the administration of her bankruptcy. In disposing of this argument, it is sufficient to note that there is no de minimus exception to the Bankruptcy Code's disclosure requirements. "[A] debtor, whether his estate is large or small, must accurately and diligently divulge the state of his financial affairs." *Hatton*, 204 B.R. at 485. Small estates do not fall under a "no-harm, no foul" exception to this rule. *Id.* Even if there were such an exception, however, it would be difficult to fit the movements of Dean's valuable jewelry pieces within such a framework. Accordingly, the court finds no error in the bankruptcy court's determination that Dean's false oaths concerned material facts.

### D. Admissibility of Evidence

Dean objects for the first time on appeal to the admission of eight exhibits at trial. Dean alleges generally that the admission of the exhibits "violated several rules of evidence including hearsay and best evidence." (Appellant's Br. at 20.) Although Dean acknowledges that she did not object at trial, she claims that the admission of these exhibits by the bankruptcy court constituted plain error affecting substantial rights under Federal Rule of Evidence 103(d). As already noted, plain error in the civil context is "an error so serious and flagrant that it goes to the very integrity of the trial." *Stewart*, 770 F.2d at 1271 (quoting *Modave*, 501 F.2d at 1072 (Friendly, J.)).

The U.S. Trustee disclosed the exhibits used at trial, including the eight in question here, on January 13, 2003, in compliance with the bankruptcy court's pretrial order. The trial was held on

March 24, 2003. At no point prior to this appeal did Dean or any counsel representing her object to these exhibits. Failure to timely object to the admissibility of evidence as required by a pretrial order is itself a sufficient ground to foreclose review on appeal. *In re McCauley*, 105 B.R. 315, 321 (E.D.Va.1989).[7] Moreover, six of the exhibits (102–2, 102–3, 102–4, 102–6, 102–7, and 102–8) were produced by Dean herself at her Rule 2004 Examination, at which she was represented by Attorney Liebman. The two other exhibits, 107 and 108, primarily concerned the value of specific pieces of jewelry. As discussed above, *see supra* Part II.C.2, no specific value is required to make the omission of property from the debtor's schedules a misstatement of material fact. Given these circumstances, the court finds that the admission of the exhibits, if error at all, does not even approach the standard of "error so serious and flagrant that it goes to the very integrity of the trial." *Stewart*, 770 F.2d at 1271 (quoting *Modave*, 501 F.2d at 1072 (Friendly, J.)).

### III.   Conclusion

For the reasons stated above, the court **AFFIRMS** the order of the bankruptcy court revoking Dean's discharge of indebtedness pursuant to 11 U.S.C. § 727(d)(1). The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to the parties and to the Bankruptcy Court.

**IT IS SO ORDERED.**

---

7.  As the parties have not included the pretrial order in the record on appeal, the court is unable to determine if this ground is sufficient to decide this issue.