# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 03-6035MN

In re:                                            *
                                                  *
Bruce Peter Bren and Barbara A. Bren,             *
as surety for Bruce Bren Homes, Inc.,             *
                                                  *
         Debtors.                                 *
                                                  *
                                                  *        Appeal from the United States
Michael F. Jordan,                                *        Bankruptcy Court for the
                                                  *        District of Minnesota
         Plaintiff - Appellant.                   *
                                                  *
              v.                                  *
                                                  *
Bruce Peter Bren and Barbara A. Bren,             *
as surety for Bruce Bren Homes, Inc.,             *
                                                  *
         Defendants - Appellees.                  *
                                                  *

Submitted: December 9, 2003
Filed: February 2, 2004

Before FEDERMAN, MAHONEY, and VENTERS, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court filed June 19, 2003, overruling the plaintiff-appellant's objection to discharge. For the reasons stated below, we reverse and remand to the bankruptcy court for entry of judgment denying a discharge to both debtors/defendants.

Factual and Procedural Background

The debtors owned Bruce Bren Homes, Inc., a Minnesota company in the business of building luxury homes. The plaintiff-appellant contracted with the company to build a residence for him, but later terminated the contract for alleged failure to perform. The company failed in 2001. The Brens, who had guaranteed many corporate debts, and who had statutory liability for numerous customer claims under Minnesota contractor law, filed a joint petition under Chapter 7 on December 3, 2001. After the debtors filed their Chapter 7 bankruptcy petition, the plaintiff-appellant, who had a substantial claim for unfinished work, challenged the dischargeability of certain debts and objected to the debtors' discharge. The only issue tried, however, was whether the debtors should be denied a discharge for knowingly and fraudulently making a false oath or account in or in connection with the case, pursuant to 11 U.S.C. § 727(a)(4)(A).

The trial court found that the debtors failed to disclose the existence of certain assets and transfers of assets in the supporting documentation for their bankruptcy petition, and that the debtors failed to read their bankruptcy documents before signing them, rendering false their declaration under penalty of perjury that the information contained in the documents was true and correct. The trial court nevertheless determined that the debtors' inaccuracies and omissions lacked the essential element of actual intent to defraud.

2

## Standard of Review

On appeal, we review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.), 296 B.R. 188, 192 (B.A.P. 8th Cir. 2003); Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.), 262 F.3d 725, 728-29 (8th Cir. 2001). A finding of fact will not be reversed as clearly erroneous unless, based on all of the evidence, the reviewing court is left with a definite and firm conviction that a mistake has been committed. Wintz v. American Freightways, Inc. (In re Wintz Cos.), 230 B.R. 840, 844 (B.A.P. 8th Cir. 1999) (citing Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir.1996)).

A bankruptcy court's factual findings may not be overturned on appeal merely because the appellate court may have decided the issue differently. Korte v. United States Internal Revenue Service (In re Korte), 262 B.R. 464, 470 (B.A.P. 8th Cir. 2001). "If the [trial] court's account of the evidence is plausible in light of the record viewed in its entirety, the [appellate court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer, 470 U.S. at 573-574 (1985).

The bankruptcy court's determination regarding whether a debtor knowingly and fraudulently made a false oath or account under 11 U.S.C. § 727(a)(4)(A) is a matter of fact which is reviewed for clear error on appeal. Korte, 262 B.R. at 470; Cepelak v. Sears (In re Sears), 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000).

We have found only two cases in which a bankruptcy court's findings of fact as to the existence of fraudulent intent concerning false oaths under § 727(a)(4) have been reversed. Gullickson v. Brown (In re Brown), 108 F.3d 1290 (10th Cir. 1997)

3

(denial of discharge reversed because false oaths were not knowing and fraudulent); Camacho v. Martin (In re Martin), 88 B.R. 319 (D. Colo. 1988) (appellate court found clear and convincing evidence that the debtor recklessly disregarded the seriousness of the information sought in the Statement of Financial Affairs, as well as the detail and accuracy called for, when he failed to list three bank accounts and other transfers).

The Brown case involved a debtor who failed to list a vehicle on his schedules, neglected to disclose two alleged pre-petition transfers of vehicle titles, and did not keep records of four vehicles sold sometime in the early 1990s. The appellate court disagreed with the trial court's finding that this constituted a "pattern of non-disclosure" in light of evidence at trial that some of the transfers did not actually occur and the unreported sales did not appear to have been fraudulently withheld. The appellate court also recognized that the debtor informed the trustee early on of certain assets that were omitted from the schedules, noting "[t]he fact that a debtor comes forward with omitted material of his own accord is strong evidence that there was no fraudulent intent in the omission." 108 F.3d at 1295.

The case before us more closely resembles the fact situation of the Martin case, where the debtor admitted at trial that he failed to read the Statement of Financial Affairs before signing it. The district court did not look favorably on the omissions, stating:

> . . . I find and conclude that there was clear and convincing evidence that the appellee acted in reckless disregard of both the serious nature of the information sought by the Financial Statements, and the need for detail and accuracy, when he failed to reveal the existence of the three bank accounts, and the other transfers. Appellee is a well-educated physician. Moreover, his operation of his own medical practice required him to appreciate the need for accurate accounting of

4

assets and expenditures. . . . Appellee either fully realized the seriousness of the Financial Statements, or was reckless in failing to comprehend their import, when he completed and signed them "under penalty of perjury."

88 B.R. 319 at 324-25.

<u>Discussion</u>

A debtor may be denied a discharge under 11 U.S.C. § 727(a)(4)(A) if the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. The issue here is whether the debtors' admitted omissions and inaccuracies and failure to read their bankruptcy schedules before signing them constitutes "knowingly and fraudulently" making a false oath.

It is clear that a debtor's signatures, under penalty of perjury, on a bankruptcy petition, schedules of assets and liabilities, and the statement of financial affairs are written declarations which have the force and effect of oaths. <u>First State Bank v. Beshears (In re Beshears)</u>, 196 B.R. 468, 476 (Bankr. E.D. Ark. 1996); Federal Rule of Bankruptcy Procedure 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746.")

The Bankruptcy Code is designed to ensure that deserving debtors receive a "fresh start" by requiring them to provide complete, accurate, and reliable information at the commencement of the case, so that all parties may adequately evaluate the case and the estate's property may be appropriately administered. "Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." <u>Boroff v. Tully (In re Tully)</u>, 818, F.2d 106, 110 (1st Cir. 1987).

5

To that end, courts are often understanding of a single omission or error resulting from innocent mistake. However, multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth, which is the functional equivalent of intent to deceive. See In re Chavin, 150 F.3d 726, 728 (7th Cir. 1998) ("Chavin concedes . . . that not caring whether some representation is true or false – the state of mind known as 'reckless disregard' – is, at least for purposes of the provisions of the Bankruptcy Code governing discharge, the equivalent of knowing that the representation is false and material."); Beaubouef v. Beaubouef (In re Beaubouef), 966 F.2d 174, 178 (5th Cir. 1992) ("[T]he existence of more than one falsehood, together with [the debtor's] failure to take advantage of the opportunity to clear up all inconsistencies and omissions when he filed his amended schedules, constituted reckless indifference to the truth and, therefore, the requisite intent to deceive."); Tully, 818 F.2d at 112 (citing Diorio v. Kreisler-Borg Constr. Co. (In re Diorio), 407 F.2d 1330, 1331 (2d Cir. 1969) ("Statements called for in the schedules, or made under oath in answer to questions propounded during the bankrupt's examination or otherwise, must be regarded as serious business; reckless indifference to the truth . . . is the equivalent of fraud.")); Korte, 262 B.R. at 474 (quoting Golden Star Tire, Inc. v. Smith (In re Smith), 161 B.R. 989, 992 (Bankr. E.D. Ark. 1993) ("[S]tatements made with reckless indifference to the truth are regarded as intentionally false."); Hamo v. Wilson (In re Hamo), 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999) ("[A] knowingly false statement or omission made by the Debtor with reckless indifference to the truth will suffice as grounds for the denial of a Chapter 7 general discharge."); Dean v. McDow, 299 B.R. 133, 140 (E.D. Va. 2003) ("While any single omission or error may be the result of an innocent mistake, multiple inaccuracies are evidence of 'a pattern of reckless and cavalier disregard for the truth serious enough to supply the necessary fraudulent intent required by § 727(a)(4)(A).'"); Beshears, 196 B.R. at 476.

In the present case, the trial court found numerous material falsehoods in the debtors' schedules and statement of financial affairs because certain assets and

transfers of money and property had not been disclosed. The debtors testified at trial that neither of them read the schedules in detail before signing them, instead relying on their attorney to have prepared the documents accurately. Such passivity and disregard for the gravity of the vow taken by affixing one's signature to the documents can constitute reckless indifference to the truth and therefore fraudulent intent. See Mosley v. Sims (In re Sims), 148 B.R. 553 (Bankr. E.D. Ark. 1992):

> [The debtor] asserts that he merely "glanced over" the petition but "didn't really understand it." However, the Bankruptcy Code requires more than a "glance over" in reporting assets and transactions. Indeed, a mere "glance over" constitutes a cavalier and reckless disregard for truth which is inconsistent with the relief to be afforded the honest debtor. It is not for the debtors to determine what is important enough to be reported. All assets and transactions must be reported, even if the assets are worthless or unavailable to creditors. . . . A mere "glance over" merely corroborates the evidence that the debtors recklessly or wilfully made a false oath within the meaning of section 727(a)(4) ....

Sims, 148 B.R. at 557. See also Dean v. McDow, 299 B.R. at 140 ("Dean's argument that she did not pay close attention to her bankruptcy papers emphasizes rather than undermines a finding of fraudulent intent[.]" (citing Sims)), and Hatton v. Spencer (In re Hatton), 204 B.R. 477, 484 (E.D. Va. 1997) ("[The debtors'] extremely casual attitude towards the bankruptcy act's disclosure requirements indicates a 'reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering' which is the functional equivalent of fraud." (quoting National Post Office Mail Handlers Division v. Johnson (In re Johnson), 139 B.R. 163, 166-67 (Bankr. E.D. Va. 1992)).

Here, the trial court made detailed findings that omissions on the schedules and statement of affairs were false and material. In addition, the trial court found that the debtors had each declared under penalty of perjury that they had read the summary and schedules and that the information therein was true and correct, when,

in fact, they did not read these documents. The trial court found such declarations made by both debtors to be false. The trial court also found such false declarations to be material, stating, "[I]t is difficult to imagine a more important statement than confirming that you have read your own schedules and statements. The bankruptcy system relies heavily on self reporting by debtors." (Memorandum Order at 4-5).

The omissions from the Schedules and Statement of Financial Affairs included:

1. An ownership interest in Golden Eagle Golf Properties, LLP;

2. Ownership of a generator, airplane lift, three boat lifts, a golf cart and cabin contents;

3. A payment made within twelve months pre-petition of $24,000 to Golden Eagle Golf Properties, LLP;

4. A payment made within six months pre-petition of $165,287.92 from personal funds to creditors of Bruce Bren Homes, Inc.;

5. The sale of approximately thirty firearms within a year pre-petition;

6. The fact that they surrendered their right to a statutory six-month redemption, in return for personal releases and the right of possession after foreclosure. The trial court found that the voluntary shortening of the redemption period is the transfer of an interest in property which should have been disclosed;

7. The failure to disclose their possession of a sold airplane on the petition date; and

8.	The possession of a Mazda B2000 truck owned by Bruce Bren Homes, Inc., a debtor in a separate bankruptcy case.

Although the trial court made detailed factual findings with regard to the above-listed affirmative declarations and omissions, and determined that the affirmative declarations and omissions were both material and false, the trial court nonetheless found, as a fact, such omissions and inaccuracies were not the result of fraudulent intent.

We hold that the factual finding that the inaccuracies in the Schedules and Statement of Affairs were not the result of fraudulent intent is clearly erroneous. We have reviewed all of the evidence and the testimony of the debtors and are left with a definite and firm conviction that a mistake has been committed.

This court, in affirming a trial judge's determination that a debtor should be denied a discharge under 11 U.S.C. § 727(a)(4) for making a false oath, has held that reckless indifference to the truth is the equivalent of fraud. Korte, 262 B.R. at 474. Bankruptcy courts in this circuit have determined that the affirmative declaration by debtors that they have read the Schedules and Statement of Affairs and that such Statement and Schedules are accurate, when, in fact, the debtor either did not read the Schedules and Statement of Affairs or simply "glanced" at them, "constitutes a cavalier and reckless disregard for truth which is inconsistent with the relief to be afforded the honest debtor." Sims, 148 B.R. at 557. In addition to Sims, the other cases cited above stand for the same proposition. The fact that the business affairs of the debtors, and the resulting Schedules and Statement of Financial Affairs, are complex, does not justify the failure of the debtors to take seriously their oath. On the contrary, the Schedules and Statement of Financial Affairs required one hundred pages. One who cared about the accuracy and truthfulness of such an extensive and detailed document is expected, at a minimum, to read the document and point out to counsel the glaring omissions.

9

Declaring under penalty of perjury that the Statement of Affairs and Schedules have been read and are accurate, when the truth is that the Schedules and Statement of Affairs have not been read and are not accurate, is such a significantly detrimental act in terms of the bankruptcy process that we conclude that such declaration, when considered with the number and extent of the omissions and inaccuracies, was made with reckless disregard for the truth and with fraudulent intent. The bankruptcy system relies upon the truthfulness of those who seek its benefits. To allow debtors to ignore the seriousness of their oath, submit documents to the court which contain numerous material inaccuracies, and, when the inaccuracies are discovered, excuse their behavior because they claim they failed to read the documents before signing them under oath, would undermine the whole structure of the system.

The judgment of the Bankruptcy Court is reversed and this matter is remanded to the Bankruptcy Court for entry of a judgment denying a discharge to both debtors.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT