**In re George & Yvette IRELAND, Debtors.**

**John LaBarge, Trustee, Plaintiff,**

v.

**George Ireland & Yvette Ireland, Defendants.**

Bankruptcy No. 04–44971–293.
Adversary No. 04–4290–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 25, 2005.

George R. Ireland, Yvette Ireland, De Soto, MO, Robert J. Willette, Macey, Chern & Diab, St. Louis, St. Louis, MO, for debtor.

John LaBarge, Jr., St. Louis, MO, for trustee.

## ORDER

DAVID P. MCDONALD, Bankruptcy Judge.

Trustee filed the instant adversary complaint seeking an order from this Court revoking Debtors' discharge under 11 U.S.C. § 727(d)(3). The basis of Trustee's complaint is that Debtors failed to obey this Court's order (the "Turnover Order") directing them to turnover their 2003 federal and state tax refund (collectively the "Tax Refund") to Trustee. The Court will enter judgment in favor of Trustee revoking Debtors' discharge.

Debtors filed their petition for relief under Chapter 7 on April 15, 2004. Debtors failed to list the pending Tax Refund as exempt in their Original Schedule B, although Debtors had received it a few days prior to the petition date. Trustee discovered the existence of the Tax Refund at the meeting of creditors held on May 25, 2004 and demanded that Debtors turnover the Tax Refund. Debtors, however, did not comply with Trustee's demand.

Trustee then filed a motion with this Court on July 27, 2004 to compel Debtors to turnover the Tax Refund. Debtors did not respond to Trustee's motion to compel and this Court entered the Turnover Order on August 20, 2004. The Court directed Debtors to turnover the Tax Refund in the amount of $5,283.22 on or before September 20, 2004. Also, the Court mailed a copy of the Turnover Order to both Debtors and their attorney.

Debtors, however, did not comply with the Turnover Order. Debtors also did not file any motion with this Court to vacate, modify or amend the Turnover Order, nor did they appeal the Turnover Order. Rather, Debtors simply ignored this Court's commands contained in the Turnover Order.

Trustee filed the instant adversary complaint on November 12, 2004. Trustee requests that the Court revoke Debtors' discharge under 11 U.S.C. § 727(d)(3) because Debtors did not comply with the terms of the Turnover Order. Trustee also requests that the Court enter judgment in his favor for $5,283.22, which is the amount of the Tax Refund. Debtor has countered by filing a motion in their bankruptcy case to amend their Schedule B to exempt a portion of the Tax Refund. The Court will grant Trustee's request to revoke Debtors' discharge under 11 U.S.C. § 727(d)(3), enter judgment in favor of Trustee for the value of the Tax Refund and deny Debtor's request to amend their schedule of exemptions.

Section 727(d)(3) of the Code provides that the Court shall revoke a debtor's discharge upon the trustee's request if the debtor committed an act enumerated in 11 § U.S.C. 727(a)(6). Trustee argues that Debtors committed the acts specified in 11 U.S.C. § 727(a)(6)(A) so that the Court must revoke their discharge under 11 U.S.C. § 727(d)(3). The Court agrees.

■ Section 727(a)(6)(A) provides that a debtor is not entitled to a discharge "if he has refused to obey any lawful order of the Court." Because Congress used the term "refused", the trustee seeking a revocation of discharge must establish that the debtor willfully and intentionally refused to obey the court's order. *Cummins v. Hays (In re Cummins)*, 166 B.R. 338, 358 (Bankr.W.D.Ark.1994). The trustee may meet this burden by showing that the debtor received the order in question and simply failed to comply with its terms. *Katz v. Araujo (In re Araujo)*, 292 B.R. 19, 24 (Bankr.D.Conn.2003). Thus, the trustee can establish that the debtor refused to obey a court's order for purposes of 11 U.S.C. § 727(a)(6)(A) if the court mailed the order to the address listed by debtor on his petition. *Id.*

■ Here, Trustee provided notice of his motion to compel Debtors to turnover the Tax Refund to both Debtors and their attorney. Debtors failed to file any response to Trustee's motion. This Court entered the Turnover Order on August 20, 2004 and required Debtors to remit the Tax Refund to Trustee within thirty days of the date of the order. The Court mailed a copy of the Turnover Order to both Debtors and their attorney. Debtors do not contend that they failed to receive a copy of the Turnover Order. Also, Debtors failed to file any request for relief from the Turnover Order. Nor have Debtors argued that they are unable to comply with the requirements of the Turnover Order. Rather, Debtors simply ignored this Court's Turnover Order.

Given this record, the Court finds that there is ample evidence that Debtors willfully and intentionally refused to obey the Turnover Order. Thus, the Court finds that Debtors refused to obey the Turnover Order for purposes of 11 U.S.C. § 727(a)(6)(A). Accordingly, the Court will revoke Debtors' discharge under 11 U.S.C. § 727(d)(3).

■ Trustee also request that the Court enter judgment in his favor for the value of the Tax Refund of $5,283.22. A debtor is required to pay over the value of non-exempt property to the trustee even after the discharged is either denied or revoked. *Miller v. Kasden (In re Kasden)*, 209 B.R. 239, 245 (8th Cir. BAP

1997). Also, a trustee is entitled to a judgment equal to the value of the non-exempt property. *Id.; See also Hill v. Muniz (In re Muniz),* 320 B.R. 697, 702 (Bankr.D.Col.2005). Accordingly, the Court will enter judgment in the amount of $5,283.22 in favor of Trustee.

■ Debtors have also filed a motion to amend their schedule of exemptions to exempt a portion of the Tax Refund. Debtors received the Tax Refund sometime before the meeting of creditors on May 25, 2004. Thus, Debtors were in possession of the Tax Refund at the time Trustee filed his motion to compel in July, 2005. Debtors, however, did not respond to Trustee's motion by countering that a portion of the Tax Refund was exempt. Rather, Debtors simply allowed the Court to enter an order directing them to remit the entire $5,283.22 to Trustee and then ignored that order.

■ As the Bankruptcy Appellate Panel for this Circuit has observed, the doctrine of *res judicata* prevents a debtor from re-litigating the issue of the applicability of an exemption when the debtor could have raised the issue as a defense in a prior proceeding. *Ladd v. Ries (In re Ladd),* 319 B.R. 599, 606–07 (8th Cir. BAP 2005). (noting that *res judicata* applies to bar issues that were actually litigated and those that could have been litigated). Here, Debtors possessed the Tax Refund when Trustee filed his motion to compel turnover of the Tax Refund. Also, Trustee alleged in his motion to compel that none of the Tax Refund was exempt.

Given this record, the Court finds that the issue of whether a portion of the Tax Refund was exempt under Missouri law was ripe for litigation in connection with Trustee's motion to compel. Debtors, however, simply ignored Trustee's motion and allowed this Court to enter an order requiring them to turnover the Tax Re-

fund. And then Debtors simply ignored this Court's command to remit the Tax Refund to Trustee. Therefore, the doctrine of *res judicta* bars Debtors from now asserting that a portion of the Tax Refund is exempt under Missouri law. Accordingly,

**IT IS HEREBY ORDERED** that Trustee's request to revoke Debtors' discharge pursuant to 11 U.S.C. § 727(d)(3) is **GRANTED;** and

**IT IS HEREBY FURTHER ORDERED** that Judgment is entered in favor of Trustee in the amount of $ 5,283.22; and

**IT IS HEREBY FURTHER ORDERED** that Trustees' objection to Debtors' Amended Claim of Exemptions (Motion No. 15 in Case No. 04–44971) is **SUSTAINED.**